[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from the Trumbull County Court of Common Pleas. Appellant, Wilbert Dale Murray, Jr., appeals from a judgment entry overruling his "Motion to Vacate Sentence and Resentence Pursuant to R.C. 1.58(B)[,] 2929.11 and the Ohio Constitution Article I II, and Senate Bill Two (2)[.]"
On February 7, 1996, the Trumbull County Grand Jury indicted appellant on one charge of theft, R.C. 2913.02(A)(1), a felony of the third degree, and one charge of receiving stolen property, R.C. 2913.51(A), a felony of the fourth degree. Pursuant to R.C.2941.143, each count included a specification that appellant was previously convicted of an offense of violence. As part of a plea agreement, appellant pleaded guilty to receiving stolen property with the specification, and the trial court entered a nolleprosequi on the theft charge. In a judgment entry filed on December 31, 1996, the trial court sentenced appellant to an indeterminate term of two to five years in prison.
On October 31, 1997, appellant filed a "Motion to Vacate Sentence and Resentence Pursuant to R.C. 1.58(B)[,] 2929.11 and the Ohio Constitution Article I II, and Senate Bill Two (2)[.]" On December 15, 1997, the trial court summarily overruled appellant's motion. Appellant filed a notice of appeal on January 14, 1998, and this court concluded that the trial court's judgment was not a final appealable order, and remanded the matter to the trial court. On March 25, 1998, the trial court filed findings of fact and conclusions of law, and, therefore, we considered appellant's notice of appeal filed on January 14, 1998, to be a premature appeal. Appellant now asserts the following assignments of error:
 "[1.] Trial court abuses it's [sic] discretion by denying relief to a criminal defendant who requests his sentence comport with the statutory provisions of Ohio law, where newly enacted sentencing provisions are applicable to correct manifest injustice.
 "[2.] Trial court abuses it's [sic] discretion by denying criminal defendant findings of fact and conclusions of law on his request pursuant to Civ.R. 52."
Initially, we note that although the trial court did not treat appellant's "motion" as a petition for postconviction relief, it should have been so treated. In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Supreme Court of Ohio stated:
 "Where a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21."
In the case at bar, appellant filed his motion to vacate after the time had passed for filing a direct appeal of his conviction. Moreover, he based the motion on several constitutional bases, including equal protection, cruel and unusual punishment, due process, and ex post facto arguments. Thus, pursuant to Reynolds, his motion would have properly been addressed as a petition for postconviction relief.
In the first assignment of error, appellant asserts that the trial court erred in overruling his motion to vacate his sentence. Specifically, he contends that the trial court should have applied Ohio's new sentencing provisions contained in Am.Sub.S.B. No. 2, which became effective on July 1, 1996, rather than the sentencing law in effect when he committed his offense.
Appellant's assertion is without merit for two reasons. First, his petition for postconviction relief was not timely filed. Appellant was sentenced on December 31, 1996, and did not file a direct appeal; thus, he was required to file his petition within the time constraints of R.C. 2953.21(A)(2), which states that "[i]f no appeal is taken [from a conviction] the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
In the instant matter, appellant was sentenced on December 31, 1996; thus, the time for filing a direct appeal expired on January 30, 1997. Therefore, the time for filing a petition for postconviction relief expired on July 29, 1997, which was one hundred eighty day after the notice of appeal was due. However, appellant filed his petition over three months later, on October 31, 1997. Therefore, appellant did not timely file his petition for postconviction relief.
Second, even if it was timely filed, appellant's petition for postconviction relief is without merit substantively. On August 19, 1998, after appellant filed his brief in this appeal, the Supreme Court of Ohio released State v. Rush (1998), 83 Ohio St.3d 53, in which it addressed the precise issue in the case at bar. The court held:
 "Because the General Assembly has expressly stated that the amended sentencing provisions of Am. Sub.S.B. No. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58(B) is inapplicable. The amended sentencing provisions of Am.Sub.S.B. No. 2 apply only to those crimes committed on or after July 1, 1996." Id. at paragraph two of the syllabus.
In the present case, the crime to which appellant pleaded guilty was committed on June 14, 1995. Thus, the crime occurred before July 1, 1996, the effective date of Am.Sub.S.B. No. 2. Accordingly, the sentencing provisions of Am.Sub.S.B. No. 2 are inapplicable to appellant's sentence, and the trial court properly sentenced him pursuant to the law in effect before July 1, 1996. Thus, appellant has not demonstrated substantive grounds for relief. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant asserts that the trial court erred by failing to file findings of fact and conclusions of law. However, this assignment of error is moot pursuant to App.R. 12(A)(1)(c) because this court remanded this matter to the court of common pleas for findings of fact and conclusions of law, which were filed on March 25, 1998.
For the foregoing reasons, appellant's first assignment of error is without merit, and his second assignment of error is moot. The judgment of the Trumbull County Court of Common Pleas is affirmed. _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
NADER, J., concur.